IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PATRICK JAMES HOWARD, (TDCJ-CID #1527296) | § § § § § § § § § § § | |
| Plaintiff, | | |
| vs. | | CIVIL ACTION H-13-2679 |
| BRAD LIVINGSTON, *et al.*, | | |
| Defendants. | | |

## MEMORANDUM AND OPINION

The plaintiff, Patrick James Howard, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID"), sued under 42 U.S.C. § 1983. Howard proceeds *pro se* and *in forma pauperis*. He sues prison officials at the Estelle Unit of TDCJ. A careful review of the filings show that under the applicable law, Howard's claims cannot proceed. This case is dismissed. The reasons are stated below.

### I.      Procedural History and Background

Howard initially sued 12 prison officials at the Estelle Unit, alleging a broad array of claims. The claims included that he was denied an accessible cell, recreation, hot meals, a meaningful grievance system, a medically ordered diet, adequate medical care for chronic conditions, and adequate medical care for a broken finger. He also alleged exposure to unsanitary living conditions, retaliation, deprivation of property, improper placement in administrative segregation, and the use of excessive force involving a food slot that left him with a broken finger. He also alleged due process violations arising from a disciplinary charge and conviction. All these claims stemmed from events between February 2013 and October 2013.

On December 18, 2013, this court issued an order finding that because Howard's original and amended complaints included allegations against numerous defendants and involved more than one transaction, they did not comply with Rules 18(a) and 20 of the Federal Rules of Civil Procedure. (Docket Entry No. 17). The court ordered as follows:

> 3. By January 21, 2014, Howard must file an amended complaint in this case using the attached forms. The amended complaint must comply with the Federal Rules of Civil Procedure by including a single set of related facts and circumstances arising from one incident or issue. Any unrelated claims must be filed as separate actions. Howard's amended complaint must consist of no more than the 5-page form provided by the Clerk, plus a legibly handwritten or double-spaced typed addendum of no more than 10 pages, for a total of no more than 15 pages. Howard must not attach any exhibits to the amended complaint. Legal arguments are not proper in his complaint, but the essential facts must be pleaded.

(Docket Entry No. 17, p. 2).

Howard filed his amended complaint on January 7, 2014 against Jody Vincent, disciplinary captain; Randall Cook, lieutenant; Dustin Harkness, sergeant; Amanda Scott, counsel substitute; and Monica Nicholes, grievance investigator, all with the Estelle Unit. Howard alleged that on September 24, 2013, at 3:45 a.m., Lieutenant Cook and Sergeant Harkness conspired to retaliate against him by accusing him of refusing to comply with an order to uncover his cell door. Lieutenant Cook then ordered Howard to submit to a cell search. When Howard asked why his cell was being searched, Lieutenant Cook responded that Howard's cell door was covered. Lieutenant Cook and Sergeant Harkness threatened to forcibly remove Howard from the cell. Howard submitted to hand restraints and was removed from the cell. When Howard asked why his property was being removed from the cell, Sergeant Harkness explained that he was on a 72-hour property restriction because he had covered his cell door. Howard alleged that his property was confiscated and he was left with

only his underwear and his walker. Howard alleged that he lost property worth $62.35. Howard allege that on October 1, 2013, Captain Vincent and counsel substitute Scott falsified records at the hearing in disciplinary case number 20140025191. Howard alleged that he was not allowed to attend the hearing and that his punishment was excessive.

When Howard filed his amended complaint on January 7, 2014, he advised the court that he was simultaneously filing a petition for a writ of habeas corpus concerning the same disciplinary case. (Docket Entry No. 21). Howard's petition, docketed as Civil Action Number 4:14-0037,[1] stated that at the disciplinary hearing held on October 1, 2013, Howard was punished with a 45-day loss of commissary privileges, a 30-day cell restriction, a reduction in good-time earning class status from Line 2 to Line 3, and a loss of 30 days of good-time credits.

Howard filed a Step 1 Grievance on October 3, 2013 over the confiscation of his property. On October 5, 2013, Warden Lacox responded as follows:

> Your complaint has been noted. You were downgraded to a Level 2 on 10/30/13 [sic]. As a Level 2 there are certain items you are not allowed to have. These items will be stored in the offender property room until you modify your behavior and reach level 1. No further action is warranted.

(Docket Entry No. 22-1, p. 2).

On November 12, 2013, Howard filed a Step 2 Grievance. On December 13, 2013, Tracy Hutto responded as follows, "Your Step 2 grievance has been investigated by this office. You were appropriately advised at the Step 1 level. No further investigation warranted by this office." (Docket Entry No. 22-1, p. 4).

---

[1] On January 24, 2014, this court dismissed Howard's petition on the merits.

Howard seeks compensatory damages of $5,500.00 from Lieutenant Cook and Sergeant Harkness; $15,000.00 from Captain Vincent; and $2,500.00 from counsel substitute Scott. He asks that his punishment be changed, that he be released from administrative segregation, and that he be granted a jury trial.

## II.     Discussion

Under 28 U.S.C. § 1915A, federal courts are authorized to review as soon as practicable a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. The court must dismiss any part of the complaint that is frivolous, malicious, or fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. A complaint is frivolous if it lacks an arguable basis in law or fact. *See Denton v. Hernandez,* 504 U.S. 25, 31 (1992); *Richardson v. Spurlock,* 260 F.3d 495, 498 (5th Cir. 2001) (citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998) (quoting *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997)).

To sue for damages for an allegedly unconstitutional conviction, imprisonment, or other harm that would make a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994). If a judgment in a § 1983 suit in the plaintiff's favor would "necessarily imply the

invalidity of his conviction or sentence," then the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has been invalidated. *Id.* This rule applies to a conviction in a prison disciplinary proceeding that changes the prisoner's sentence, including the loss of good-time credits. *Edwards v. Balisok*, 520 U.S. 641 (1997).

A favorable judgment on Howard's claims would necessarily imply the invalidity of his conviction in disciplinary case number 20140025191. Howard does not allege, and the record does not show, that his disciplinary conviction has been invalidated. He filed a federal petition for a writ of habeas corpus in Civil Action Number 4:14-0037 challenging this disciplinary conviction. That petition was dismissed on the merits on January 24, 2014. The claim arising from the disciplinary charge and conviction lacks merit as a matter of law.

## III. Conclusion

Howard's complaint lacks an arguable basis in law and is dismissed with prejudice under 28 U.S.C. § 1915A(b)(1).

Howard previously filed to compel the defendants to stop their deliberate indifference to his medical needs, (Docket Entry No. 8); a motion for a temporary restraining order, (Docket Entry No. 9); an emergency motion requesting protection from retaliation, (Docket Entry No. 11); and an emergency motion for protection from imminent harm, (Docket Entry No. 12). The court construed these as motions for a temporary restraining order and preliminary injunction. The court denied such relief, finding no basis in the record. (Docket Entry No. 17).

Howard has again filed an emergency motion requesting a court order that the defendants cease their "campaign of harassment," (Docket Entry No. 14), and an emergency motion compelling the defendants to address his allegations of unconstitutional confinement and retaliation. (Docket

Entry No. 26). In these motions, Howard complains of chronic understaffing, inadequate medical care, denial of recreation, denial of a sanitary environment, deprivation of basic needs, denial of due process as a result of false disciplinary charges, deprivation of property, denial of access to the courts, and retaliation. These motions are denied for the reasons previously stated in this court's order entered on December 18, 2013.

Howard's motion concerning the status of screening and motion for evidentiary hearing, (Docket Entry No. 20), are denied. The remaining pending motion are denied as moot.

The Clerk will provide a copy of this order by regular mail, facsimile transmission, or e-mail to:

(1)    the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas, 78711, Fax: 512-936-2159;

(2)    the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax: 936-437-4793; and

(3)    the District Clerk for the Eastern District of Texas, 211 West Ferguson, Tyler, Texas 75702, Attention: Manager of the Three-Strikes List.

SIGNED on March 20, 2014, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge